UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 C 4158 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| JAMES W. CLARK, LEROY E. DRURY, | ) | |
| CALUMET HEAT TREATING CORP., | ) | |
| NITREX, INC., and THOMAS G. COOPER, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION & ORDER**

Defendant Thomas G. Cooper moves to dismiss the Government's First Amended Complaint (the "Complaint"), which seeks to hold Cooper personally liable for violations of § 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (the "CERCLA"), 42 U.S.C. § 9607(a), by piercing the corporate veil of Calumet Heat Treating Corporation ("CHTC"), the owner or operator of a polluted site located in Chicago, Illinois and cleaned up in 2005 by the Environmental Protection Agency. Cooper contends that the Government's allegations against him should be dismissed because they fail to meet the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the gloss of that rule found in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### I. LEGAL STANDARD

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion the court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d

629, 633 (7th Cir. 2007) (internal citation omitted). Legal conclusions, however, are not entitled to any assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). However, the allegations must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff need not plead particularized facts, but the factual allegations in the complaint must be sufficient to "state a claim to relief that is plausible on its face[.]" *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556).

## II.  ANALYSIS

Cooper argues that the Complaint runs afoul of Rule 12(b)(6) and *Twombly* because it alleges bare legal conclusions in support of its veil piercing theory. *See* Reply 2-4. These conclusions, Cooper maintains, fail to adequately apprise him of the nature of the Government's claim against him. *Id.* Cooper's arguments are unavailing.

A court may pierce the corporate veil and impose personal liability where there is both (1) "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist" and where (2) "adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Judson Atkinson Candies, Inc. v. Latini Hohberger Dhimantec*, 529 F.3d 371, 380 (7th Cir. 2008)

(citing *Maculoso v. Jenkins*, 420 N.E.2d 251 (Ill. App. Ct. 1971)). A key factor in the interest and ownership analysis is the extent "of control or influence exercised by the individual sought to be held liable over corporate affairs." *Fontana v. TLD Builders, Inc.*, 840 N.E.2d 767, 788 (Ill. App. Ct. 2005). The unity of interest analysis also weighs the following factors:

> (1) inadequate capitalization; (2) failure to issue stock; (3) failure to observe corporate formalities; (4) nonpayment of dividends; (5) insolvency of the debtor corporation; (6) nonfunctioning of the other officers or directors; (7) absence of corporate records; (8) commingling of funds; (9) diversion of assets from the corporation by or to a stockholder or other person or entity to the detriment of creditors; (10) failure to maintain arm's-length relationships among related entities; and (11) whether, in fact, the corporation is a mere facade for the operation of the dominant stockholders.

*Judson Atkinson Candies*, 529 F.3d at 379.

The Government has set out facts sufficient to establish unity of interest and ownership such that piercing CHTC's corporate veil to reach Cooper is plausible on its face. *See Twombly*, 550 U.S. at 570. Numerous allegations in the Complaint speak to the factors set out in the case law cited above. *See* Resp. 6-10 (citing over twenty paragraphs in the complaint which allege facts relevant to a veil-piercing analysis). For purposes of Rule 12(b)(6), however, the averments in the following two paragraphs would by themselves suffice to state a claim upon which relief can be granted:

> Subject to the reasonable opportunity for further investigation and discovery, Mr. Sierks, the only other CHTC direction [sic], officer and shareholder, was unaware of key management decisions relating to CHTC, including

3

>   Mr. Cooper's transactions with TTI[1] to sell CHTC's remaining assets to TTI.
>
>   [W]hile negotiating the agreement with TTI regarding the purchase of CHTC's remaining equipment and property, Mr. Cooper substituted AMTI[2] for CHTC as the party to whom TTI was to pay for the remaining assets. Accordingly, only the first payment from TTI in 1995 was made out to Tom Cooper/CHTC. All other payments were made to AMTI for purchase of CHTC's property.

Compl. ¶¶ 100, 103 (footnotes added). Paragraph 100 of the Complaint sufficiently alleges that CHTC failed to follow corporate formalities because it states that Sierks, the only other CHTC director and shareholder, was unaware of key corporate decisions. Neglecting corporate formalities is a crucial consideration where an involuntary creditor seeks to pierce the corporate veil. *See Browning-Ferris Indus. of Ill., Inc. v. Ter Maat*, 195 F.3d 953, 960 (7th Cir. 1999). These allegations also establish unity of interest and ownership because absent Sierks, Cooper was *de facto* the sole director of CHTC. Moreover, paragraph 103 alleges that another company wrote a check to CHTC that "was made out to Tom Cooper/CHTC," establishing that a third party believed Tom Cooper to be the alter ego of CHTC. These facts alone are sufficient to state a claim for veil piercing and, accordingly, give Cooper notice of the claim against him.

In reply Cooper argues that the Government's pleadings are insufficient because it has failed to allege facts sufficient to show that an inequitable result would occur if it were not allowed to reach Cooper's personal assets. *See* Reply 5. Yet the Complaint alleges that Cooper stripped CHTC of assets, leaving CHTC with the title to the polluted

---

[1] TTI is the abbreviation used in the Complaint to denote Temper Tough, Inc. a company alleged to have been run by defendant James W. Clark.

[2] AMTI is the abbreviation used in the Complaint to denote Alliance Metal Treating, Inc., a company alleged to be the corporate successor to CHTC.

site and some remaining equipment only.  *See* Compl. ¶¶ 71-76.  Given these allegations it is plausible on its face that an inequitable result would occur if CHTC is found liable for contribution under CERCLA, but has no assets to contribute to cleanup.  This inequity, in turn, could plausibly sanction piercing CHTC's corporate veil to reach Cooper's personal assets.  The Government has therefore met its burden to plead an inequitable result.

### III.  CONCLUSION

Cooper's motion to dismiss is denied.


ENTER:


/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 2, 2009