UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>JAMES W. CLARK, LEROY E. DRURY,<br>CALUMET HEAT TREATING CORP.,<br>NITREX, INC., and THOMAS G. COOPER,<br><br>               Defendants.<br><hr>CALUMET HEAT TREATING CORP.,<br>NITREX, INC., and THOMAS G. COOPER,<br><br>               Third-Party Plaintiffs,<br><br>     v.<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY and ROBERT SIERKS,<br><br>               Third-Party Defendants. | Case No. 08 C 4158<br><br>Judge Joan B. Gottschall |

## MEMORANDUM OPINION & ORDER

Third-party defendant Robert Sierks moves to dismiss Count III of Calumet Heat Treating Corporation's ("CHTC"), Nitrex, Inc.'s ("Nitrex"), and Thomas G. Cooper's (the "Third-Party Plaintiffs") three-count, third-party complaint (the "Third-Party Complaint") under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, because no "common nucleus of operative fact," *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966), links the state-law contribution and unjust enrichment claims pled in Count III to the federal claim for contribution under the Comprehensive Environmental Response Compensation and Liability Act, 42 U.S.C.

§§ 9607(a) *et seq.* ("CERCLA") pled in Count II.[1]  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

## I. BACKGROUND

The government's CERCLA action against, *inter alia*, CHTC, Nitrex and Cooper for recovery of environmental clean-up costs incurred at the South Green Plating Superfund Site in Chicago, Illinois (the "Superfund Suit"), *see* Am. Compl. (Doc. No. 41), spawned this Third-Party Complaint, which seeks to distribute to Sierks and Liberty Mutual Insurance Company (the "Third-Party Defendants") financial liability arising from the government's Superfund Suit and the costs Third-Party Plaintiffs incurred in defending against that suit.

In Count III of the Third-Party Complaint Cooper alone seeks common-law contribution from Sierks on the theory that Sierks is liable, as a fifty-percent shareholder in CHTC, for the expenditures incurred by CHTC to defend itself against the Superfund Suit and, correspondingly, that the failure to pay such costs amounts to unjust enrichment under Illinois Law.[2]  In Count II, the Third-Party Plaintiffs allege that Sierks was a CERCLA "operator" (*see* 42 U.S.C. § 9607(a)) of the South Green Plating Superfund Site and is therefore liable for contribution under CERCLA on that basis.

## II. ANALYSIS

"A loose factual connection between" state and federal claims is "generally sufficient" to confer supplemental jurisdiction on state law claims, *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir. 1995) (internal quotation and citation omitted), but facts

---

[1]     Count I seeks declaratory relief against Liberty Mutual Insurance Company.
[2]     The claim for contribution alleged in Count III would move forward even if the government does not prevail on its claim for CERCLA contribution against CHTC and Cooper, as Cooper seeks contribution from Sierks for expenses related to the defense of CHTC.  *See* Third-party Compl. ¶ 14.

linking state to federal claims must be "operative," *i.e.*, they must be "relevant to the resolution of" the federal claims. *Berg v. BCS Fin.l Corp.*, 372 F. Supp. 2d 1080, 1093 (N.D. Ill. 2005) (citing *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 998-99 (E.D. Mich.1996).

For Third-Party Plaintiffs to prevail on their CERCLA claim they must establish that Sierks had "direct responsibility and personal control" over disposal of hazardous materials at the site. *See Signey S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994). Proving that Sierks has been unjustly enriched or owes Cooper contribution under Illinois common law requires different evidence: at a minimum Cooper must show that Sierks is a fifty-percent shareholder of CHTC and that all of the expenditures he made relating to the Superfund Suit accrued to the benefit of CHTC and its shareholders. *See* Third-Party Compl. ¶¶ 13-17. Moreover, the corporate dissolution of CHTC in 1993 (*see* CHTC & Nitrex's Answer to First Am. Compl. ¶ 67) and its subsequent reinstatement by Cooper in 2006 (*see id.*) may substantially complicate Cooper's evidentiary and legal burden. *See, e.g.*, *Brown Leasing, Inc. v. Stone*, 673 N.E.2d 430 (Ill. App. Ct. 1996) (noting that Illinois courts have imposed personal liability on purported corporate officers where the liable individual acted after a corporation was dissolved).

Cooper does not dispute these legal standards or his evidentiary burden, instead insisting that the common nucleus of operative fact binding these two actions is the Superfund Suit, but for the filing of which "Cooper would not have made the expenditures [he seeks to recover in the Third-Party Complaint], and the claim in Count III would not exist." Resp. 4. "But for" causality, however, is insufficient to establish

supplemental jurisdiction, where, as here, the operative facts required to prove Cooper's state law claim bear no relationship to those which will allow the Third-Party Plaintiff's to prevail under federal law. *See Gen. Auto Serv. Station v. City of Chi.*, No. 00 C 0368, 2004 WL 4426363, at *12 (N.D. Ill. Mar. 9, 2004) (finding shared factual background insufficient to establish supplemental jurisdiction where federal claim would be "wholly unaffected" by dismissal of state-law claim). Accordingly, the Third-Party Plaintiff's claim for CERCLA contribution in Count II would be wholly unaffected by dismissal of Cooper's state-law claims and Cooper has not put forth any argument to the contrary. The court lacks supplemental jurisdiction over Count III.

Citing *Ganan v. Martinez Manufacturing, Inc.*, No. 02 C 50412, 2003 WL 21000385, at *12 (N.D. Ill. May 2, 2003) Cooper urges that Count III's incorporation of the other allegations in the Third-Party Complaint and the close temporal relationship between Counts II and III establish supplemental jurisdiction. This argument is inapposite. *Ganan* noted only that courts often *consider* those two factors in the jurisdictional analysis. *Id*. But these are only rough proxies for the required operative commonality. *Gibbs*, 383 U.S. at 725. The two-factor inquiry does not obviate Cooper's burden to establish that state and federal claims share a common nucleus of operative fact; and even if it did Cooper's state law claims should still be dismissed. Re-allegation is not an empty requirement of form; it is relevant to the jurisdictional analysis because it often indicates that a state law count is relying on facts alleged in federal claims to establish a basis for relief – *i.e.*, it establishes a common nucleus of operative fact. But here the court has already found that Cooper's state and federal claims have no such relationship. Count III's technical "incorporation" of the federal allegations is therefore

4

of no moment.  As for temporal proximity, the acts relating to CHTC's alleged CERCLA liability, and for which the Third-Party Plaintiff's seek CERCLA contribution from Sierks, "occurred between 1946-1993," Resp. 5, but the costs Cooper alleges he incurred in Count three relate to defending CHTC in the Superfund Suit filed in 2008.  *See* Am. Compl.  With fifteen years separating the claims, the court cannot find them temporally proximate.

The court need not reach Sierks's 28 U.S.C. § 1367 abstention arguments because the court has found that it lacks supplemental jurisdiction over Count III of the Third-Party Complaint.

### III.  CONCLUSION

Sierks Motion to Dismiss Count III of the Third-Party Plaintiffs' Complaint is granted.  Count III is dismissed.


ENTER:


_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: February 3, 2010